UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

ENDURANCE AMERICAN
INSURANCE COMPANY,

        Appellant,

        -v-                                  1:18-CV-591

NANCY JEAN BURBRIDGE,

        Appellee.

--------------------------------

ENDURANCE AMERICAN
INSURANCE COMPANY,

        Appellant,

        -v-                                  1:18-CV-661

NANCY JEAN BURBRIDGE,

        Appellee.

--------------------------------

APPEARANCES:                                  OF COUNSEL:

MCELROY, DEUTSCH, MULVANEY &        KEVIN S. BROTSPIES, ESQ.
   CARPENTER
Attorneys for Appellant
225 Liberty Street, 36th Floor
New York, NY 10281

MCNAMEE LOCHNER, P.C.              KEVIN LAURILLIARD, ESQ.
Attorneys for Appellee
677 Broadway
Albany, NY 12207

DAVID N. HURD
United States District Judge

# MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

Appellant Endurance American Insurance Company ("Endurance" or "appellant"), a bankruptcy creditor of appellee Nancy Jean Burbridge ("Burbridge" or "debtor"), has appealed from a May 3, 2018 Memorandum–Decision & Order (the "May 3 MDO") issued by United States Bankruptcy Judge Robert E. Littlefield, Jr.

As relevant here, the May 3 MDO denied Endurance's request for reconsideration or vacatur of the bankruptcy court's prior order approving Burbridge's voluntary dismissal of her chapter 13 bankruptcy petition. *In re Burbridge*, 585 B.R. 16 (Bankr. N.D.N.Y. 2018).

The consolidated[1] appeal has been fully briefed and will be decided on the basis of the submissions without oral argument.

## II. BACKGROUND[2]

On April 21, 2015, Burbridge filed a voluntary chapter 13 bankruptcy petition that, *inter alia*, claimed as exempt an inherited Individual Retirement Account ("inherited IRA") worth about $800,000. At Endurance's request, the bankruptcy court entered an interim preservation order that limited debtor's ability to withdraw funds from the inherited IRA.

On March 19, 2018, Burbridge filed a request for voluntary dismissal of her bankruptcy case pursuant to Section 1307(b) of the Bankruptcy Code (the "Code"). The bankruptcy

---

[1] The Clerk of the Court initially opened case 1:18-CV-591 after Endurance noticed an appeal from the bankruptcy court's May 3, 2018 dismissal order. Thereafter, the bankruptcy court entered an amended dismissal order clarifying it had dismissed the matter with prejudice. When appellant noticed a second appeal from that amended order, the Clerk of the Court opened case 1:18-CV-661. The parties have agreed to consolidate the appeals because the issues raised are identical.

[2] The background recounted here is drawn from the parties' submissions and a review of the portions of the record designated on appeal.

court "so ordered" debtor's request the same day.  Shortly thereafter, it came to light that debtor had quietly depleted the funds in the inherited IRA and a few other accounts during the pendency of the now-closed bankruptcy action.

On April 2, 2018, Endurance moved the bankruptcy court to reconsider or vacate the dismissal order, to convert Burbridge's bankruptcy case to chapter 7, and to hold her in contempt for violating the interim preservation order.  In response to appellant's request, the bankruptcy court ordered expedited proceedings and conducted two days of evidentiary hearings on the matter.  Judge Littlefield determined that debtor had flagrantly violated the interim preservation order by improperly depleting certain estate assets, including the inherited IRA.

Nevertheless, on May 3, 2018, the bankruptcy court denied Endurance's motion to reconsider or vacate the order approving Burbridge's voluntary dismissal notice.  As relevant here, Judge Littlefield concluded that a Second Circuit case, *Barbieri v. RAJ Acquisition Corp.*, 199 F.3d 616 (2d Cir. 1999), held that debtors, bad faith or no, enjoyed an *absolute* right to voluntarily dismiss a chapter 13 petition under § 1307(b).

In a careful, well-reasoned opinion, Judge Littlefield rejected Endurance's assertion that *Marrama v. Citizens Bank*, 549 U.S. 365 (2007), a subsequent Supreme Court decision that found a "bad faith" exception to a different provision of the Code, overruled or partially abrogated the Second Circuit's holding in *Barbieri*.

Although he characterized Burbridge's misconduct in this case as the most egregious he'd seen in "nearly twenty-three years on the bench" Judge Littlefield concluded that *Barbieri* remained good law in the wake of *Marrama*.  Accordingly, the bankruptcy court concluded that no "bad faith" exception existed to a debtor's right to voluntarily dismiss his or

her chapter 13 bankruptcy petition under § 1307(b). This appeal followed.

## III. **DISCUSSION**[3]

Endurance's appeal raises the exact same question Judge Littlefield already tackled: did the Supreme Court in *Marrama*, by holding that a bad-faith debtor did not have an absolute right to *convert* his petition from chapter 7 to chapter 13, overrule or abrogate the Second Circuit in *Barbieri*, which held that a debtor has an unfettered right to voluntarily *dismiss* his chapter 13 petition?

Of course, the question raises an issue of law and therefore the appropriate standard of review is *de novo*. And Endurance correctly notes in its briefing that federal courts elsewhere, including two appellate courts, have cited *Marrama* to conclude that a debtor's right under § 1307(b) to voluntarily dismiss is not absolute. *See, e.g.*, *Jacobsen v. Moser*, 609 F.3d 647 (5th Cir. 2010); *Rosson v. Fitzgerald*, 545 F.3d 765 (9th Cir. 2008).

But the question of whether other courts in other circuits have relied on *Marrama* to reach a conclusion about § 1307(b) that is different from *Barbieri* is not precisely the same question as whether *Marrama* overruled or abrogated *Barbieri*'s conclusion about § 1307(b).

In fairness to Endurance, the Court recognizes appellant tried to take this argument straight to the Second Circuit using the direct review procedure made available in Rule 8006 of the Federal Rules of Bankruptcy Procedure. For whatever reason, a motions panel denied appellant's request for direct review. So appellant has been forced to make a pit stop here in the district court.

---

[3] A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" issued by a bankruptcy court sitting in the same judicial district. 28 U.S.C. § 158(a). "Generally in bankruptcy appeals, the district court reviews the bankruptcy court's factual findings for clear error and its conclusions of law de novo." In re Charter Commc'n, Inc., 691 F.3d 476, 482-83 (2d Cir. 2012).

It will be a quick one. Burbridge's voluntary dismissal of her chapter 13 petition occurred pursuant to § 1307(b) of the Code, which provides: "On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." 11 U.S.C. § 1307(b).

In *Barbieri*, the Second Circuit held that § 1307(b)'s language provided debtors with an absolute, unqualified right to dismiss a voluntary chapter 13 petition as long as the case had not yet been converted. 199 F.3d at 618. In so holding, the Second Circuit emphasized that Congress intended chapter 13 to be "an entirely voluntary chapter" of the Code. *Id*. at 620.

Later, in *Marrama* the Supreme Court took up a dispute over a different provision of the Code. There, a chapter 7 debtor moved to convert his bankruptcy case to chapter 13 after the trustee discovered he had secretly transferred away certain estate property shortly before filing for bankruptcy. *Marrama*, 549 U.S. at 370.

The debtor there tried to make use of § 706(a) of the Code, which provides: "The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable." 11 U.S.C. § 706(a).

Despite acknowledging that this Code section is phrased in broad language, the Supreme Court in *Marrama* held that the right of a debtor to convert under § 706(a) is not actually absolute. 549 U.S. at 371. To reach that conclusion, the Supreme Court examined how two related provisions of the Code worked together to place important limits on a debtor's right to convert under § 706(a).

The first provision is § 706(d), which requires that a debtor seeking to convert his case to chapter 13 actually qualify as a "debtor" as that term is defined under chapter 13. 11 U.S.C. § 706(d). The second provision is § 1307(c), which sets forth a number of bases—including bad faith—on which a chapter 13 case may be dismissed or converted back to chapter 7. *See* § 1307(c).

Reading § 706(d) and § 1307(c) together, the Supreme Court concluded that a chapter 7 debtor who proceeds in bad faith cannot be a "debtor" under chapter 13 because the debtor's bad faith, once discovered, will necessitate dismissal or immediate conversion back to chapter 7. *Marrama*, 549 U.S. at 374 (finding the "practical effect" of a bad-faith finding is "tantamount to a ruling that the individual does not qualify as a debtor under Chapter 13."). Thus, *Marrama* carved out a sort of "bad faith exception" to a debtor's right to convert under § 706(a).

Since *Marrama*, "lower courts have been split on whether a debtor's voluntary dismissal right under § 1307(b) is absolute." *In re Procel*, 467 B.R. 297, 304 (S.D.N.Y. 2012) (collecting cases).

Of particular relevance here, Endurance points out that the bankruptcy court in the Eastern District of New York has concluded that *Marrama*, viewed in conjunction with recent amendments to § 1307 of the Code, abrogated *Barbieri*'s earlier conclusion about the absolute right of voluntary dismissal set forth in § 1307(b). *In re Armstrong*, 408 B.R. 559 (Bankr. E.D.N.Y. 2009).

Importantly, however, *Armstrong* has not been the last word on the matter. To the contrary, other courts in this Circuit have rejected *Armstrong*'s analysis and instead concluded the Second Circuit's holding in *Barbieri* still controls on this issue. *In re Procel*,

467 B.R. at 305; *see also Johnston v. Johnston*, 536 B.R. 576 (D. Vt. 2015).

Turning to Burbridge's conduct in this case, Judge Littlefield considered *Armstrong*'s analysis at length in his order denying Endurance's request for reconsideration or vacatur of his prior order approving of her voluntary notice of dismissal. *In re Burbridge*, 585 B.R. at 20-21.

There, Judge Littlefield determined that the Supreme Court's reasoning in *Marrama* centered on sorting out the possible anomaly created by §§ 706(a), 706(d), and 1307(c), which together "rendered conversion to chapter 13 an exercise in futility because the case could have been immediately converted back to chapter 7 for bad faith." *In re Burbridge*, 585 B.R. at 21.

Judge Littlefield then concluded that a § 1307(b) dismissal is not the same as a § 706(a) conversion. *In re Burbridge*, 585 B.R. at 21. Although the Code places certain limitations on a debtor's ability to convert under § 706(a), the Code's *only* limitation on a debtor's right to dismiss under § 1307(b) case is simply that "the case has not been converted." *Id*. In Judge Littlefield's view, *Marrama*'s reasoning is inapplicable to § 1307(b) because no futility problem can arise.

Upon *de novo* review of this question, the Court agrees with Judge Littlefield and holds that *Barbieri* is still good law for the reasons stated in his thorough written opinion. The Supreme Court in *Marrama* was clearly struggling with what to do about the strange loop that might be created by the interplay between §§ 706(a), 706(d), and 1307(c).

Indeed, the dissent in *Marrama* took the majority to task for uncritically accepting the lower court's conclusion that this circular exercise—a debtor's bad-faith conversion to chapter 13 followed by a reconversion back to chapter 7—would always be a totally pointless

- 7 -

one. *Marrama v. Citizen Bank*, 549 U.S. 365, 380-81 (Alito, J., dissenting) (explaining how compliance with the statutory scheme actually provides notice and a hearing on the question of "bad faith").

Importantly, § 1307(b) does not create an analogous problem and therefore does not necessarily require an analogous solution. Perhaps Judge Littlefield said it best:

> To summarize, the Court cannot conclude, by analogy, that *Marrama* abrogated *Barbieri* when the statutes are not analogous. The linchpin of the *Marrama* decision was § 706(d)'s limitation on the right to convert, and, without an equivalent provision limiting the right to dismiss pursuant to § 1307(b), this Court simply cannot hold that *Marrama*'s analysis has any impact on *Barbieri*.

*In re Burbridge*, 585 B.R. at 22.

Because the right of voluntary dismissal under § 1307(b) remains absolute, there is no basis on which to reverse the bankruptcy court's order denying Endurance's reconsideration or vacatur of the order approving Burbridge's voluntary dismissal of her petition. Accordingly, the May 3 MDO must be affirmed.

## IV. **CONCLUSION**

The Court agrees with Judge Littlefield that Burbridge's conduct in this case is outrageous. However, the various arguments advanced by Endurance were considered in the May 3 MDO, which correctly determined that *Barbieri* remains "an impenetrable roadblock that prevents the Court from finding [a bad faith] exception" to § 1307(b), even after *Marrama*. *In re Burbridge*, 585 B.R. at 22.

Therefore, it is

ORDERED that

1. The May 3, 2018 MDO is AFFIRMED; and

2. Endurance's appeal is DENIED.

The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 9, 2019
Utica, New York.

_United States District Judge_